**EMERGENCY PETITION FOR WRIT OF HABEAS CORPUS**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**OLIVER IRELAND,**

**Petitioner,**

**vs.**

**U.S. ATTORNEY GENERAL, & WARDEN OF THE PLYMOUTH COUNTY JAIL,**

**Respondent.**

**Civil Action No.____________________**

**PETITION FOR WRIT OF HABEAS CORPUS, PURSUANT TO TITLE 28, UNITED STATES CODE, SECTION 2241(c)**

FILED
IN CLERKS OFFICE
2021 AUG 12 AM 11: 10
U.S. DISTRICT COURT
DISTRICT OF MASS.

## I. INTRODUCTION.

**OLIVER IRELAND**, is a prisoner in the custody of the U.S. Attorney General, at the Plymouth County Jail, pending deportation. He seeks habeas corpus relief to prevent his continued unconstitutional detention.

## II. BACKGROUND.

On January 26, 2017, a grand jury in the Southern District of Florida returned an indictment charging Defendant with conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. 846, and possession with intent to distribute cocaine, in violation of 21 U.S.C. 841(a)(1). *See, United States v. Oliver Ireland, Docket No. 17-CR-00021-KMM.*

On March 28, 2017, the Government filed a superseding criminal Information charging Petitioner in a single count with using a communications facility (a cell phone) to facilitate a drug crime, in violation of 21 U.S.C. 843(b). The Information would allege that while another individual was in the process of attempting to commit a federal narcotics offense, Petitioner had engaged in a brief conversation with the other individual. The Information (a copy of which is annexed hereto as Exhibit A) does not set forth the nature or substance of the call. On March 29, 2017, Petitioner entered a plea of guilty to the charge on the advice of counsel. That advice included advice that the nature of the call was irrelevant so long as the other individual was engaged in an attempt to purchase drugs when the telephone call between Petitioner and that individual occurred.

On June 27, 2017, Petitioner was sentenced to 48 months imprisonment, the statutory maximum. On July 5, 2017, a timely notice of appeal was filed. On March 5, 2018, the Eleventh Circuit dismissed the appeal. Petitioner has completely served his sentence and is currently in the custody of ICE, pending deportation to Jamaica, after an immigration judge ruled that he must be deported based on his conviction for violating 21 U.S.C. 843(b). Petitioner now seeks to vacate that conviction, which has resulted in his current detention.

The urgency of this Petition is due and owing to the likelihood that Petitioner will soon be removed to Jamaica and likely killed upon his arrival based on a misimpression, from case related documents, that Petitioner cooperated with federal law enforcement.

## III. STATEMENT OF RELEVANT FACTS.

In the interest of brevity only the facts relevant to the claims raised are set forth hereinafter.

On January 12, 2017, at 3:53 p.m., Petitioner telephoned HUGH ADAMS (another defendant in the criminal case), and the two had a brief conversation about getting something to eat. Petitioner was hungry and had not eaten in many hours. Nothing else was discussed in the phone call. That phone call formed the basis for Petitioner's guilty plea and conviction, which has led to a final removal order by an immigration judge, and Petitioner's present detention pending deportation.

Before pleading guilty, Defendant discussed with his attorney the nature of the telephone call and advised that the conversation on January 12, 2017, at 3:53 p.m., was limited to food – not ADAMS' attempt to purchase such was discussed. Counsel responded that calling Mr. Adams while Mr. Adams was attempting to buy drugs constituted an offense under 21 U.S.C. 843(b), regardless of what was discussed in the telephone call. Accepting this, Petitioner pled guilty.

Based on counsel advice, Petitioner believed that his mere use of his cell phone to call Mr. Adams while he (Mr. Adams) was attempting to purchase cocaine constituted a crime. At no time prior to, or during, his guilty plea was Petitioner made aware that the nature of the telephone call had to relate to some unlawful conduct involving drugs.

It should be noted that the Government's evidence regarding the offense of conviction can be found in a single paragraph of a factual proffer filed in connection with the guilty plea:

> ***The defendant was also at the Winn Dixie while waiting in the white Van. Cellular telephones were seized from the defendant and Adams. Both defendants consented to the review of their cellular telephones. Found in the contact list of the defendant's cellular telephone was The cellular telephone number for Adams. Found in the log of out-going calls was an entry that noted a call had been made from the defendant's cellular telephone to Adam's cellular telephone on January 12, 2017, at 3:53 p.m., during the transaction between Adams and the UC.***

*Factual Proffer at 3, para. 8 (Doc. No. 49)(Exhibit B)*

## IV. REASONS FOR GRANTING WRIT OF HABEAS CORPUS.

Petitioner submits that he is being detained in violation of the United States Constitution and Laws of the United States in that he is actually innocent of the offense of conviction, and the record conclusively establishes such. Further, Petitioner submits that his continued confinement, and removal from the United States violates both the Constitution and Laws of the United States, in that they are unjust and will almost certainly result in his death. Thus, this petition should be promptly granted, in the interest of justice.

As a preliminary matter, it should be noted that a "district court ha[s] no jurisdiction to accept a plea to conduct that does not constitute [the charged offense], and the doctrine of procedural default therefore does not bar [a defendant's petition for a writ of error coram nobis based on such an error]." *United States v. Peter, 310 F.3d 709, 715 (11th Cir. 2002)*

Petitioner entered a plea of guilty to using a communications facility to facilitate a drug crime, in violation of 21 U.S.C. 843(b). A conviction for violating Section 843(b) requires that the Government show that a defendant "knowingly and intentionally used a communications facility to facilitate the commission of a narcotics crime." *United States v. Mertilus, 111 F.3d 870, 872 (11th Cir. 1997).*

"To prove facilitation, the government must establish that the telephone communication made the narcotics offense easier or less difficult and, thereby, assisted or aided the crime." *Id.* "A communication that merely checks on the status of sales or the location of money does not facilitate the offense." *United States v. Woodley, 484 F. App'x 310, 321 (11th Cir. 2012)(citing United States v. Rivera, 775 F.2d 1559, 1562-63 (11th Cir. 1985)(reversing conviction on multiple Section 843(b) counts)).* A telephone call that furthers an agreement to buy or sell drugs, however, does facilitate a broader conspiracy. *Id.* However, that is not what occurred here.

As noted, counsel advised Petitioner prior to his pleading guilty – after Petitioner informed counsel that the phone call in question related only to food, and not drugs – that any phone made by Petitioner to Adams while Adams was attempting to purchase drugs constituted a violation of Section 843(b). This information, Petitioner now knows, was incorrect. In fact, Petitioner is now keenly aware of the fact that he is "actually innocent" of violating Section 843(b), despite his guilty plea, because the phone call in question in no way facilitated either the alleged conspiracy or Adams's attempt to purchase cocaine, inasmuch as the call did not relate to the drug transaction at all. Moreover, nothing in the record is to the contrary.

The record is completely devoid of any indication as to what was discussed in the telephone call in question. The content of the call was provided to defense counsel prior to the guilty plea, and was undoubtedly known to the Government. It is telling that no attempt was made by the Government to suggest that the nature of the conversation was drug related – because it was not.

Petitioner is actually innocent, and the district court was without jurisdiction to accept his guilty plea inasmuch as the conduct upon which it was based did not constitute an offense under Section 843(b).

Further, Petitioner was denied his right to effective assistance of counsel when his attorney made material misrepresentations regarding the reach of Section 843(b), which induced the guilty plea. But for counsel's ineffectiveness, Petitioner would never have entered a plea of guilty. Instead, Petitioner would have insisted on proceeding to trial inasmuch as he was actually innocent of violating Section 843(b), and the charges contained in the indictment.

Immediate action is now warranted. As a result of the unconstitutional conviction, Petitioner has been ordered (by an immigration judge) removed from the United States to Jamaica – a country that is foreign to Petitioner in that Defendant was born there but has not resided there since childhood.

Petitioner's removal is imminent and could occur at any time given the order of removal. Emergent relief is warranted to prevent a complete miscarriage of justice and Petitioner's death, which will result from this "actually innocent" individual being deported based on the unconstitutional conviction. Petitioner faces a physical danger when, and if, removed to Jamaica based on the existence of the factual "proffer" in this case which suggests to those in Jamaica that an individual has cooperate with law enforcement.

If deported, once Petitioner arrives in Jamaica, he will likely be killed based upon a mistaken belief that he has cooperate with federal law enforcement – a fate that is only avoidable by vacating the unconstitutional conviction and reversing the removal order. Thus, Defendant faces irreparable harm that can only be remedied by this Court taking immediate action and granting this petition.

## IV. CONCLUSION.

Petitioner having demonstrated (1) that he is actually innocent, (2) the district court lacked jurisdiction to accept his guilty plea, (3) he was denied effective assistance of counsel, and (4) that sound reasons exist for his failure to raise this issue earlier (*i.e., affirmative misrepresentation by counsel)*, the writ should issue, in the interest of justice and to prevent manifest injustice.

WHEREFORE, Petitioner prays that this petition will be granted, in its entirety.

Dated: Plymouth, MA
August 10, 2021

Respectfully submitted,

*Oliver Ireland*

**OLIVER IRELAND**
**PRISONER NO. 79744**
**PLYMOUTH COUNTY JAIL**
**26 LONG POND ROAD**
**PLYMOUTH MASSACHUSETTS 02360**

## V. VERIFICATION.

**OLIVER IRELAND hereby verifies, pursuant to 28 U.S.C. 1746, under penalty of perjury, that the facts recited herein are true and correct to the best of his knowledge, belief and recollection.**

*Oliver Ireland*

**OLIVER IRELAND**