UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| OLIVER IRELAND,<br>       Petitioner,<br><br>v.<br><br>U.S. ATTORNEY GENERAL, et al.,<br>       Respondents. | Civil Action No.<br>21-11319-IT |

**ORDER**

**TALWANI, D.J.**

*Pro se* Petitioner Oliver Ireland, a former federal prisoner now in immigration custody at the Plymouth County Correctional Facility, has filed an Emergency Petition for Writ of Habeas Corpus [#1] pursuant to 28 U.S.C. § 2241.[1] Ireland states that he has "completely served his [federal] sentence and is currently in the custody of ICE, pending his deportation to Jamaica, after an immigration judge ruled that [Ireland] must be deported based on his conviction for violating 21 U.S.C. § 843(b)." Petition [#1] at p. 2.[2] Ireland asserts that he "is actually innocent, and the district court was without jurisdiction to accept his guilty plea inasmuch as the conduct

---

[1] Ireland's prior challenges to his conviction have failed in the Eleventh Circuit and before the sentencing court. *See United States v. Ireland*, No. 17-13067, 714 Fed. Appx. 975, 976 (11th Cir. 2018) (granting government's motion to dismiss the appeal pursuant to Petitioner's appellate waiver contained in his plea agreement); *United States v. Ireland*, C.R. No. 17-cr-60021-KMM-2 (S.D. Fla. July 19, 2021) (ECF No. 130) (denying petition for writ of error *coram nobis*); *see also id.* at ECF No. 109 (Order adopting Report and Recommendation, finding that Ireland's guilty plea was entered freely with advice from competent counsel, and denying motion to vacate under 28 U.S.C. § 2255).

[2] A search of search of the federal Judiciary's Public Access to Court Electronic Records (PACER) service reveals that Ireland was sentenced to 48 months imprisonment followed by 1 year supervised release. *United States v. Ireland*, C.R. No. 17-cr-60021-KMM-2 (S.D. Fla. June 27, 2017). According to the Bureau of Prisons Inmate Locator, Ireland was released from BOP custody on June 9, 2020. See https://www.bop.gov/inmateloc (last visited Aug 17, 2021).

upon which it was based did not constitute an offense under Section 843(b)." *Id.* at p. 7. Ireland states that "[b]ut for counsel's ineffectiveness, Petitioner would never have entered a plea of guilty." *Id.* Finally, Ireland states that he "faces a physical danger when, and if, removed to Jamaica." *Id.* at p. 8. Ireland contends that such danger "is only avoidable by vacating the unconstitutional conviction and reversing the removal order." *Id.*

The Emergency Petition has not been served pending the court's preliminary review. *See* 28 U.S.C. § 2243 (providing that, if "it appears from the application [for a writ of habeas corpus] that the applicant . . . is not entitled [to the writ]," the district court is not required to serve the petition on the respondent); *see also* Rule 4 of the Rules Governing Habeas Corpus Cases under Section 2254 (providing that, if it "plainly appears from the face of the [habeas] petition . . . that the petitioner is not entitled to relief in the district court," the Court "must dismiss the petition").[3]

Here, Ireland alleges that his current custody is based on a final order of removal. But the Real ID Act, *see* Pub. L. No. 109–13, 119 Stat. 231, limits the ability of federal district courts to review removal orders in immigration cases, and "deprives the district courts of jurisdiction in removal cases." *Ishak v. Gonzales*, 422 F.3d 22, 27–28 (1st Cir. 2005). Thus, this court is without jurisdiction to entertain a challenge to Ireland's removal order or to the execution of such order. *See* 8 U.S.C. § 1252(a)(5) (providing that "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal...."); 8 U.S.C. § 1252(g) (except as provided for in the statute, "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to ... execute removal orders....").

---

[3] Rule 4 may be applied at the discretion of the district court to other habeas petitions. *See* Rule 1(b) of the Rules Governing Habeas Corpus Cases under Section 2254.

To the extent that Ireland is seeking to challenge a collateral consequence of the underlying conviction rather than the removal detention itself, the court is still without jurisdiction where Ireland has completed his sentence. Habeas corpus review under § 2241 is only available if a person is "in custody. . . ." 28 U.S.C. § 2241(c)(3). A habeas petitioner does not remain "in custody" under an expired sentence. *Maleng v. Cook*, 490 U.S. 488, 492 (1989) ("... once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual "in custody" for the purposes of a habeas attack upon it."). Here, Ireland states that he has completed his federal sentence, and accordingly, this court may not adjudicate his habeas petition.

For the forgoing reasons, the Emergency Petition for Writ of Habeas Corpus [#1] is DENIED and this action is DISMISSED.

**So ordered.**

/s/ Indira Talwani
United States District Judge

Dated: August 17, 2021